UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
*Eastern Division*

| | |
|---|---|
| Shenzhenshiriduoyukejiyouxiangongsi, Shenzhenshiyijumaoyiyouxiangongsi, and Shenzhen Shi Zhonglong Gongye Sheji Youxian Gongsi,<br><br>Plaintiffs,<br><br>v.<br><br>Marvel Technology (China) Co., Ltd.,<br><br>Defendant. | Case No. 1:26-cv-00125 |

## COMPLAINT

Plaintiffs Shenzhenshiriduoyukejiyouxiangongsi ("Riduoyukeji"), Shenzhenshiyijumaoyiyouxiangongsi ("Yijumaoyi"), and Shenzhen Shi Zhonglong Gongye Sheji Youxian Gongsi ("Zhonglong"), for their Complaint against Defendant Marvel Technology (China) Co., Ltd. ("Marvel") allege:

### NATURE OF THE ACTION

1. This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and the Patent Laws of the United States, 35 U.S.C. § 1 et seq. for declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 12,228,842 ("the '842 Patent"—attached as Exhibit 1) and 12,449,722 ("the '722 Patent"—attached as Exhibit 2).

2. This is also a civil action for tortious interference with prospective business relations under Illinois common law.

3. Plaintiffs bring this action in view of the actual controversy that Marvel has created under the '842 Patent and the '722 Patent by asserting patent infringement claims against

1

Plaintiffs' photo booth stands ("the Disputed Photo Stands"), which caused Amazon to remove Plaintiffs' listing for those products on Amazon.com.

4. Marvel's wrongful patent enforcement activities on Amazon have caused Plaintiffs to lose sales on Amazon, its primary sales platform, and has harmed Plaintiffs' reputation and goodwill.

## PARTIES

5. Riduoyukeji is a Chinese company with a principal place of business in Shenzhen, China.

6. Riduoyukeji maintains a storefront under the name "RDYMONKEY" on Amazon.com. Through that storefront, Riduoyukeji sells the Disputed Photo Stands to U.S. customers, including customers in Illinois.

7. Yijumaoyi is a Chinese company with a principal place of business in Shenzhen, China.

8. Yijumaoyi maintains a storefront under the name "ROOMEDAL" on Amazon.com. Through that storefront, Yijumaoyi sells the Disputed Photo Stands to U.S. customers, including customers in Illinois.

9. Zhonglong is a Chinese company with a principal place of business in Shenzhen, China.

10. Zhonglong maintains a storefront under the name "ZLPOWER" on Amazon.com. Through that storefront, Zhonglong sells the Disputed Photo Stands to U.S. customers, including customers in Illinois.

11. Upon information and belief, Marvel is a Chinese company with a principal place of business in Shenzhen, China.

12. Upon information and belief, Marvel maintains a storefront under the name "MAWIR" on Amazon.com. Through that storefront, Marvel sells a line of photo stands to customers in the United States, including customers in Illinois.

## JURISDICTION AND VENUE

13. The Court has subject matter jurisdiction over the patent claims in this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et seq.

14. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) because the state law claim arises from the same case or controversy under Article III and derives from a common nucleus of operative fact as the patent claims.

15. Upon information and belief, Defendant Marvel is organized under the laws of the People's Republic of China and has its principal place of business in China.

16. Upon information and belief, Marvel does not reside in, is not incorporated in, and does not maintain its principal place of business in any state of the United States.

17. Upon information and belief, Marvel has no regular and established place of business in the United States.

18. Upon information and belief, Marvel purposefully directs commercial activities to the United States by selling products into the United States through Amazon.com and other online channels, thereby establishing continuous and systematic contacts with the United States as a whole.

19. Upon information and belief, Marvel's sales into the United States are dispersed among multiple states and are not so continuous and systematic in any single state as to render Marvel subject to general personal jurisdiction there.

20. Plaintiffs regularly sold the Disputed Photo Stands into the United States through Amazon.com, including to customers in Illinois and within this judicial district. Illinois residents, including residents of this district, could view Plaintiffs' listings on Amazon.com, communicate with Plaintiffs regarding those listings, purchase the Disputed Photo Stands for delivery into Illinois, and receive corresponding sales confirmations.

21. Amazon.com was the primary sales channel through which Plaintiffs sold the Disputed Photo Stands.

22. Marvel's actions, including asserting the patents-in-suit through Amazon's enforcement mechanisms, caused Plaintiffs' listings to be removed and prevented Plaintiffs from continuing to sell the Disputed Photo Stands into the United States, including into this district.

23. This Court may exercise personal jurisdiction over Marvel pursuant to Federal Rule of Civil Procedure 4(k)(2) because Plaintiffs' claims arise under federal law, Marvel has sufficient contacts with the United States as a whole to satisfy due process, and Marvel is not subject to personal jurisdiction in any state's courts of general jurisdiction.

24. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(3) and 1391(c)(3) because Marvel is not a resident of the United States and there is no judicial district in which the action may otherwise be brought.

## BACKGROUND

**I. Amazon Delisted Plaintiffs' Disputed Photo Stands after Marvel Asserted that Those Products Infringed the '842 Patent.**

25. Upon information and belief, Marvel owns the '842 Patent, which is a utility patent for a ring lamp support for a shooting device.

26. The application for the '842 Patent was filed on January 25, 2024. The '842 Patent issued on February 18, 2025.

27. Between around August 14, 2025 through August 27, 2025, Marvel filed "IP Violation Reports" ("Amazon '842 Infringement Reports") under Amazon.com's intellectual property infringement reporting procedures, claiming that the following Amazon Standard Identification Numbers ("ASINs") infringed the '842 Patent: B0DMCY4Z9D, B0DMCK49FM, B0DMCPKWHD, B0DMCS7GFP, B0DX9X8NZB, B0FB8DH92G, B0FB8HHSFZ, B0FB84XXFH, B0FB8TV9VX, B0DPX3VW85, and B0DPX25KSJ ("the Accused '842 ASINs").

28. As a result of Marvel's Amazon '842 Infringement Reports, Amazon removed the product listings for each of the Accused '842 ASINs in an *ex parte* procedure in which Plaintiffs had no opportunity to address or rebut Marvel's infringement claims.

29. The Accused '842 ASINs include two different types of photo stands: a multi-light stand ("the Accused Multi-Light Stands") and a single-light stand ("the Accused Single-Light Stands").

30. ASINs B0DMCY4Z9D, B0DMCK49FM, B0DMCPKWHD, B0DMCS7GFP, and B0DX9X8NZB correspond to the ZLPOWER multi-light stand.

31. ASINs B0FB8DH92G, B0FB8HHSFZ, B0FB84XXFH, and B0FB8TV9VX correspond to the ZLPOWER single-light stand.

32. ASINs B0DPX3VW85 and B0DPX25KSJ correspond to the ROOMEDAL multi-light stand.

33. In all relevant respects, all Accused Multi-Light Stands are the same and all Accused Single-Light Stands are the same.

**II.     The Disputed Photo Stands Do Not Infringe the '842 Patent.**

34. The '842 Patent has three independent claims: claims 1, 6 and 9.

35. '842 Claim 1 requires:

> a hollow portion of the ring-shaped first light emitting piece is clamped between the top shell and the bottom shell.

36. The Accused Multi-Light Stands do not infringe '842 claim 1 because they do not include a hollow portion of a ring-shaped light emitting piece clamped between a top shell and a bottom shell, as required by '842 claim 1.

37. The Accused Single-Light Stands also do not infringe '842 claim 1 because they do not include a hollow portion of a ring-shaped light emitting piece clamped between a top shell and a bottom shell, as required by '842 claim 1.

38. '842 claim 6 requires:

> the first light emitting piece comprises at least one USB interface; the at least one USB interface is electrically connected to the shooting terminal, a bottom shell of the fixing piece defines a notch; and a connecting wire connecting the shooting terminal to the at least one USB interface passes through the notch.

39. '842 claim 9 requires:

> the first light emitting piece comprises at least one USB interface; the at least one USB interface is electrically connected to a shooting terminal, a bottom shell of the fixing piece defines a notch; and a connecting wire connecting the shooting terminal to the at least one USB interface passes through the notch.

40. Thus, '842 claims 6 and 9 require a shooting terminal that is electrically connected to a light's USB interface and a connecting wire for connecting the shooting terminal to the USB interface.

41. The Accused Multi-Light Stands do not infringe '842 claim 6 or claim 9 because they are not sold with a shooting terminal or a connecting wire.

6

42. The Accused Multi-Light Stands do not indirectly infringe '842 claim 6 or claim 9 because none of the Plaintiffs instruct users to connect a shooting terminal to a light's USB interface, as required by claims 6 and 9.

43. The Accused Multi-Light Stands also do not indirectly infringe '842 claim 6 or claim 9 because none of the Plaintiffs instruct users to pass a connecting wire from a light's USB interface to a shooting terminal through a notch in the bottom shell, which claims 6 and 9 also require.

44. '842 claim 6 also requires:

> a second end of the support rod is connected to the fixing piece through the universal adjusting piece.

45. The Accused Single-Light Stands do not infringe '842 claim 6 because they do not include a universal adjusting piece connecting a second end of a support rod to a fixing piece, as required by '842 claim 6.

46. '842 claim 9 requires:

> a first light emitting piece,
>
> a second light emitting piece . . .
>
> wherein the second light emitting piece is disposed on the support body.

47. The Accused Single-Light Stands do not infringe '842 claim 9 because they do not include a second light in the support body.

### III. Plaintiffs Appealed the '842 Patent Delisting and Amazon Relisted the Disputed Photo Stands.

48. Although Amazon's *ex parte* procedure did not provide Plaintiffs an opportunity to address or rebut Marvel's infringement claims before their ASINs were delisted, Amazon's procedure permitted Plaintiffs to submit an appeal challenging the delisting.

49. Plaintiffs' appealed Amazon's decision to delist the Accused '842 ASINs by submitting an attorney opinion presenting a detailed explanation of these non-infringement arguments.

50. As a result of Plaintiffs' appeal, Amazon relisted the Accused '842 ASINs by September 24, 2025.

### IV. Marvel Declines to Use Amazon's Procedures to Test Its '842 Patent Infringement Claims.

51. Upon information and belief, on or about September 24, 2025, Amazon notified Marvel that Plaintiffs had submitted an appeal and that Amazon, as a result, had re-listed the Accused '842 ASINs.

52. Upon information and belief, Amazon's notice to Marvel stated that, if Marvel continued to believe that the Accused '842 ASINs infringed its patent, Marvel could pursue its infringement claims against those ASINs through Amazon's dispute-resolution program known as Amazon Patent Evaluation Express, also referred to as APEX.

53. APEX is an optional, streamlined, nonjudicial patent dispute resolution program administered by Amazon for product listings on its marketplace.

54. APEX allows a patent holder to assert that specific ASINs infringe an asserted patent claim through a simplified administrative process that is substantially faster and less expensive than a patent infringement action in federal district court.

55. The APEX process requires only limited written submissions and does not involve discovery, motion practice, expert testimony, or trial.

56. When Amazon accepts a patent owner's request for an APEX proceeding, Amazon notifies the accused seller, which may elect to participate in the process or decline to do so.

57. If the seller declines participation, Amazon removes the accused product listings from its marketplace without any adjudication on the merits.

58. If the seller participates, the dispute is decided by a neutral third-party evaluator selected by Amazon, who evaluates the merits of the parties' substantive infringement arguments based solely on their written submissions.

59. Amazon implements the evaluator's determination either by removing the accused ASINs or by allowing the accused seller to continue selling those ASINs.

60. Upon information and belief, Marvel did not accept Amazon's invitation to initiate an APEX procedure under the '842 Patent because Marvel knew that its infringement claims were meritless.

## V. Amazon Delisted Plaintiffs' Disputed Photo Stands after Marvel Asserted that Those Products Infringed the '722 Patent.

61. Upon information and belief, Marvel owns the '722 Patent, which is a utility patent for a ring lamp support for a shooting device.

62. The application for the '722 Patent was filed on November 7, 2023. The '722 Patent issued on October 21, 2025.

63. Between around December 4, 2025 through December 20, 2025, Marvel filed utility patent infringement claims ("Amazon '722 Infringement Reports") under Amazon.com's intellectual property infringement reporting procedures, contending that the following ASINs infringed the '722 Patent: B0FFFZPHMS, B0DMCPKWHD, B0DMCY4Z9D, B0DMCK49FM, B0DMCS7GFP, B0DXB2BDJ6, B0DX9KWCWJ, B0DSKCCSK6, B0DX9X8NZB, B0DSKDFP2H, B0DSKCK6VQ, B0DSKBCPR5, B0DX9JGRR6, B0FB8DH92G, B0FB8TV9VX, B0FB84XXFH, B0FFG8NQZ7, B0FB8HHSFZ, B0FFGHLSDW, B0FFG2JG11, B0DZNK6HWT, B0DPX3VW85, B0DZN8FWS8, B0DPX3W9J4,

9

B0F31Y2QM5, B0DPX1H4QQ, B0DZNGJXSW, B0DPX25KSJ, B0DZNGJXSY, B0G43GV5L2, B0G43BWRBM, B0FWC8JQZV, B0G43B3ZZ6, B0G43HY4G5, B0FFH93BLD, B0FFH85ZD6, B0FJ8H2HCR, B0FFHD7DFJ, B0FJ8GKHWL, B0FFH8JH9C, B0FQJJWL67, B0FQJJJXTN, B0FQJFT479, B0FQJL24MC, B0FWRJ7R85, B0FG82JY4C, B0FG7WTJWN, B0FG811PQP, B0FZKR72RG, B0FG824G3Z, B0FG7Y439X, B0FG82MQ5B, B0FG7VQK21, and B0FG7VGGJD ("the Accused '722 ASINs").

64. As a result of Marvel's Amazon '722 Infringement Reports, Amazon removed the product listing for each of the Accused '722 ASINs in an *ex parte* procedure in which Plaintiffs had no opportunity to address or rebut Marvel's infringement claims.

65. The Accused '722 ASINs include three different types of photo stands: the Accused Multi-Light Stands, the Accused Single-Light Stands, and a square multi-light stand ("the Accused Square Multi-Light Stands").

66. ASINs B0FFFZPHMS, B0DMCPKWHD, B0DMCY4Z9D, B0DMCK49FM, B0DMCS7GFP, B0DXB2BDJ6, B0DX9KWCWJ, B0DSKCCSK6, B0DX9X8NZB, B0DSKDFP2H, B0DSKCK6VQ, B0DSKBCPR5, and B0DX9JGRR6 correspond to the ZLPOWER multi-light stand.

67. ASINs B0FB8DH92G, B0FB8TV9VX, B0FB84XXFH, B0FFG8NQZ7, B0FB8HHSFZ, B0FFGHLSDW, and B0FFG2JG11 correspond to the ZLPOWER single-light stand.

68. ASINs B0DZNK6HWT, B0DPX3VW85, B0DZN8FWS8, B0DPX3W9J4, B0F31Y2QM5, B0DPX1H4QQ, B0DZNGJXSW, B0DPX25KSJ, B0DZNGJXSY, B0G43GV5L2, B0G43BWRBM, B0FWC8JQZV, B0G43B3ZZ6, and B0G43HY4G5 correspond to the ROOMEDAL multi-light stand.

10

69. ASINs B0FFH93BLD, B0FFH85ZD6, B0FJ8H2HCR, B0FFHD7DFJ, B0FJ8GKHWL, and B0FFH8JH9C correspond to the ROOMEDAL single-light stand.

70. ASINs B0FQJJWL67, B0FQJJJXTN, B0FQJFT479, and B0FQJL24MC correspond to the RDYMONKEY multi-light stand.

71. ASIN B0FWRJ7R85 corresponds to the RDYMONKEY square multi-light stand.

72. ASINs B0FG82JY4C, B0FG7WTJWN, B0FG811PQP, B0FZKR72RG, B0FG824G3Z, B0FG7Y439X, B0FG82MQ5B, B0FG7VQK21, and B0FG7VGGJD correspond to the RDYMONKEY single-light stand.

73. The Accused Multi-Light Stands and the Single-Light Stands addressed in Marvel's '722 Infringement Claim, for all relevant purposes, are the same as those addressed in in Marvel's '842 Infringement Claim.

74. In other words, rather than seeking a determination on the merits of its '842 Infringement claim, Marvel asserted a different patent in a new *ex parte* procedure against two of the products that it accused previously.

**VI. The Disputed Photo Stands Do Not Infringe the '722 Patent.**

75. The '722 Patent has one independent claim: claim 1.

76. '722 Claim 1 requires:

> the universal adjusting piece is connected between the support bracket and the fixing piece.

77. The Accused Multi-Light Stands do not infringe '722 claim 1 because they do not include a universal adjusting piece connected between a support bracket and a fixing piece, as required by '722 claim 1.

78. The Accused Single-Light Stands also do not infringe '722 claim 1 because they do not include a universal adjusting piece connected between a support bracket and a fixing piece, as required by '842 claim 1.

79. The Accused Square Multi-Light Stands also do not infringe '722 claim 1 because they do not include a universal adjusting piece connected between a support bracket and a fixing piece, as required by '722 claim 1.

80. '722 Claim 1 also requires:

> the abutting pieces are connected with the limiting frame and abut against a rear side of the shooting terminal,

81. The Accused Multi-Light Stands do not infringe '722 claim 1 because they do not include abutting pieces, as required by '722 claim 1.

82. The Accused Single-Light Stands also do not infringe '722 claim 1 because they do not include abutting pieces, as required by '842 claim 1.

83. The Accused Square Multi-Light Stands do not infringe '722 claim 1 because they do not include abutting pieces, as required by '722 claim 1.

## VII. Plaintiffs Appealed the '722 Patent Delisting and Amazon Relisted Most of the Disputed Photo Stands.

84. As before, Plaintiffs' appealed Amazon's delisting by submitting an attorney opinion presenting a detailed explanation of these non-infringement arguments.

85. As a result of Plaintiffs' appeal, Amazon relisted most of the Accused '722 ASINs by December 22, 2025.

86. As of the filing date of this complaint, Amazon has not yet addressed Plaintiffs' appeal on the remaining Accused '722 ASINs.

## VIII. Marvel Declines to Use Amazon's Procedures to Test Its '722 Patent Infringement Claims.

87. Upon information and belief, in December 2025, Amazon notified Marvel that Plaintiffs had submitted an appeal and that Amazon, as a result, had re-listed most of the Accused '722 ASINs.

88. Upon information and belief, Amazon's notice to Marvel invited Marvel to assert its '722 Patent against the relisted Accused '722 ASINs under the APEX procedure.

89. Upon information and belief, Marvel did not accept Amazon's invitation to initiate an APEX procedure under the '722 Patent because Marvel knew that its infringement claims were meritless.

## IX. Marvel's Pattern of Abusing Amazon's Takedown Procedure and Avoiding Merits Review.

90. Plaintiffs' Disputed Photo Stands do not infringe the '842 Patent or the '722 Patent, as they omit multiple limitations required by each asserted independent claim.

91. Plaintiffs presented these non-infringement positions to Amazon in attorney opinions that explained that missing claim elements are entirely absent in the Disputed Photo Stands, making infringement impossible as a matter of law.

92. Amazon relisted the accused ASINs in response to Plaintiffs' submissions.

93. After relisting, Amazon notified Marvel that it could pursue its infringement assertions through APEX, which provides patent owners with an efficient mechanism to obtain a merits determination by a neutral evaluator without the cost, delay, or procedural burden of district court litigation.

94. Despite being invited to do so, Marvel declined to initiate any APEX proceeding concerning the '842 Patent or the '722 Patent.

13

95. Marvel also did not file a patent infringement action in any court to test the merits of its infringement allegations.

96. Marvel's refusal to pursue any merits-based adjudication reflects its knowledge that its infringement allegations lack a credible factual or legal basis.

97. Instead of disputing Plaintiffs' non-infringement positions, Marvel engaged in serial *ex parte* infringement filings under different patents to trigger repeated Amazon takedowns.

98. These *ex parte* filings deprived Plaintiffs of an opportunity to be heard before their listings were removed and predictably caused immediate disruption to Plaintiffs' Amazon business.

99. Marvel's conduct demonstrates a deliberate strategy to exploit Amazon's notice-and-takedown procedures to disrupt a competitor's business while avoiding any neutral evaluation on the merits of its infringement claims.

100. Marvel's pattern of asserting meritless claims, refusing merits review, and repeating *ex parte* filings constitutes improper and unjustified interference with Plaintiffs' prospective business relations.

101. Marvel's conduct was not undertaken to enforce legitimate patent rights, but to use Amazon's procedures as a weapon to suppress lawful competition without accountability.

<u>COUNT I</u>
**DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT OF THE '842 PATENT**

102. The allegations in each paragraph above are incorporated by reference.

103. An actual, justiciable, and continuing controversy exists between Plaintiffs and Marvel concerning whether the Disputed Photo Stands infringe the '842 Patent.

104. The Disputed Photo Stands do not infringe any claim of the '842 Patent.

105. Plaintiffs seek a declaration that the Disputed Photo Stands do not infringe the '842 Patent.

## COUNT II
### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT OF THE '722 PATENT

106. The allegations in each paragraph above are incorporated by reference.

107. An actual, justiciable, and continuing controversy exists between Plaintiffs and Marvel concerning whether the Disputed Photo Stands infringe the '722 Patent.

108. The Disputed Photo Stands do not infringe any claim of the '722 Patent.

109. Plaintiffs seek a declaration that the Disputed Photo Stands do not infringe the '722 Patent.

## COUNT III
### DECLARATORY JUDGMENT OF
### INVALIDITY OF THE '842 PATENT

110. The allegations in each paragraph above are incorporated by reference.

111. An actual, justiciable, and continuing controversy exists between Plaintiffs and Marvel concerning whether the '842 Patent is valid.

112. The '842 Patent claims are invalid as anticipated or obvious under sections 35 U.S.C. §§ 102 or 103 in view of at least the following references, either alone or in combination: U.S. Publication No. 2019/0384143, U.S. Publication No. 2023/0220949, U.S. Patent No. 11,808,438, U.S. Patent No. 9,740,083, U.S. Publication No. 2018/0109713, and U.S. Publication No. 2016/0305646.

113. Plaintiffs seek a declaration that the '842 Patent is invalid.

## COUNT IV
### DECLARATORY JUDGMENT OF
### INVALIDITY OF THE '722 PATENT

114. The allegations in each paragraph above are incorporated by reference.

115. An actual, justiciable, and continuing controversy exists between Plaintiffs and Marvel concerning whether the '722 Patent is valid.

116. The '722 Patent claims are invalid as anticipated or obvious under sections 35 U.S.C. §§ 102 or 103 in view of at least the following references, either alone or in combination: U.S. Publication No. 2019/0384143, U.S. Publication No. 2023/0220949, U.S. Patent No. 11,808,438, U.S. Patent No. 9,740,083, U.S. Publication No. 2018/0109713, and U.S. Publication No. 2016/0305646.

117. Plaintiffs seek a declaration that the '722 Patent is invalid.

## COUNT V

### TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

118. The allegations in each paragraph above are incorporated by reference.

119. Plaintiffs had a reasonable expectation of continuing to sell the Disputed Photo Stands through the Amazon.com marketplace, which served as Plaintiffs' primary sales channel.

120. Marvel knew of Plaintiffs' business relationship with Amazon.com.

121. Marvel intentionally interfered with that relationship by submitting patent infringement reports that caused Amazon to remove Plaintiffs' product listings.

122. Marvel employed improper means by asserting objectively baseless patent infringement claims concerning the '842 Patent and the '722 Patent.

123. Marvel deliberately asserted serial, objectively unreasonable infringement reports through Amazon's *ex parte* enforcement procedures in order to cause maximum disruption to Plaintiffs' sales and Amazon performance metrics, while avoiding any substantive review of its infringement allegations.

124. Marvel knew or reasonably should have known that Plaintiffs' Disputed Photo Stands do not infringe the asserted patents.

125. After Amazon relisted the Disputed Photo Stands and invited Marvel to pursue a neutral merits-based evaluation through Amazon Patent Evaluation Express, Marvel declined to do so and did not file any infringement action.

126. Marvel's refusal to pursue any merits-based adjudication reflects its knowledge that its infringement allegations lacked a plausible basis.

127. As a direct and proximate result of Marvel's conduct, Plaintiffs suffered lost sales, disruption of their Amazon business, and harm to their commercial standing and goodwill.

128. Marvel's actions also have caused and continue to cause Plaintiffs to lose performance points on Amazon.com, which may negatively affect Plaintiffs' store ratings, Amazon ranking, and sales numbers.

129. Marvel's conduct was intentional and unjustified and constitutes tortious interference with Plaintiffs' prospective business relations.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs asks this Court to:

A. Find that none of the Disputed Photo Stands infringe the '842 Patent;

B. Find that none of the Disputed Photo Stands infringe the '722 Patent;

C. Find that the '842 Patent is invalid;

D. Find that the '722 Patent is invalid;

E. Find that Marvel's actions constitute tortious interference with Plaintiffs' business relationship with Amazon.com;

    F.    Enjoin Marvel from further wrongful enforcement of the '842 Patent and the '722 Patent against Plaintiffs;

    G.    Find that this case is an "exceptional case" under 35 U.S.C. § 285 and Plaintiffs' are entitled to their attorney fees;

    H.    Award Plaintiffs damages sufficient to compensate it for Marvel's tortious interference with Plaintiffs' business relations, together with costs and pre-judgment interest; and

    I.    Award Plaintiffs other and further relief as may be proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

Respectfully submitted,

Dated: January 7, 2026

/s/ Edward H. Rice
Edward H. Rice
Marina N. Saito
Steven M. Lubezny
Law Office of Edward H. Rice, LLC
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
ed@edwardricelaw.com
marina@edwardricelaw.com
steve@edwardricelaw.com
(312) 953-4566

*Counsel for Plaintiffs Shenzhenshiriduoyukejiyouxiangongsi, Shenzhenshiyijumaoyiyouxiangongsi, and Shenzhen Shi Zhonglong Gongye Sheji Youxian Gongsi*